# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| KATHERINE B. HALL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV676MLM |
| | ) | |
| GLAXOSMITHKLINE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the court is the Motion to Remand and Request for Expedited Consideration filed by Plaintiffs Kathryn B. Hall and Maybrey Herndon. Doc.14. Defendant Glaxosmithkline, LLC, ("Defendant") filed a Response to Plaintiffs' Motion to Remand and Request for Expedited Consideration. Doc. 18. Plaintiff filed a Reply. Doc. 21. Also, before the court is the Motion to Stay All Proceedings Pending Transfer to MDL 1871 filed by Defendant, to which Motion Plaintiffs have filed a Response and Defendant has filed a Reply. Docs. 9, 13, 16. Further, Plaintiffs' Motion to File a Surresponse to the Motion to Stay is pending. Doc. 24. Additionally, Plaintiffs' Motion for Hearing on Plaintiffs' Motion for Remand and Defendant's Motion for Leave to File Unredacted Response in Opposition to Plaintiff's Motion to Remand and Exhibit A of the Response in Opposition to Plaintiffs' Motion to Remand Under Seal are before the court. Docs. 17, 19. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 22.

## FACTUAL BACKGROUND

As a preliminary matter, the court will grant Defendant's Motion for Leave to File Unredacted

Response in Opposition to Plaintiff's Motion to Remand and Exhibit A of the Response in Opposition to Plaintiffs' Motion to Remand Under Seal. Doc. 19.

This products liability action was filed by Plaintiffs in the Circuit Court of the City of St. Louis, Missouri, on April 14, 2010. Plaintiffs alleged that Avandia, a prescription medication manufactured by Defendant, caused negative and detrimental effects on their hearts and cardiovascular systems. Defendant is a Delaware limited liability company. Plaintiff Kathryn B. Hall is a citizen and resident of Delaware and Plaintiff Maybrey Herndon is a citizen and resident of Missouri. Defendant originally removed Plaintiffs' case to the Federal District Court for the Eastern District of Missouri on May 27, 2010, on the grounds that Plaintiffs' claims were unrelated; that nondiverse Plaintiff Hall was fraudulently joined; that complete diversity existed; and that Plaintiffs' claims should be severed. Case No. 4:10CV965MLM, Doc. 1. Plaintiffs filed a Motion to Remand. Case No. 4:10CV965MLM, Doc. 13. By Memorandum Opinion, dated June 16, 2010, the court granted Plaintiffs' Motion to Remand, finding that Plaintiff Hall was not fraudulently joined and that, therefore, the court did not have diversity jurisdiction. Case No. 4:10CV965MLM, Doc. 25.

After remand, Defendants filed a Motion to Sever Plaintiffs' Claims, alleging that Plaintiffs' claims were improperly joined. On September 23, 2010, the State court denied Defendant's Motion to Sever. Doc. 15-2. On March 8, 2011, Plaintiffs provided Defendant with Hall's Patient Fact Sheet ("PFS") and medical and pharmacy records. Docs. 15, 21-2. On March 17, 2011, Defendant issued a notice to depose Hall on April 5, 2011. Doc. 1-10 at 9. Plaintiffs filed a Motion to Quash the notice of deposition and the State court granted to Motion to Quash, on March 25, 2011. Doc. 1-10 at 14. Defendant filed a Motion to Reconsider and, on March 29, 2011, Plaintiff filed a Memorandum of Law in Opposition to Defendant's Motion to Reconsider. Doc. 1-11 at 25-40. The State court denied

the Motion to Reconsider. Doc.1 at 52.

On April 14, 2011, Defendant again removed Plaintiffs' case to the District Court for the Eastern District of Missouri, in the instant matter. In its Notice of Removal, Defendant asserts that Plaintiff Kathryn Hall was fraudulently joined and that, therefore, this court has original jurisdiction pursuant to 28 U.S.C. § 1332. In support of removal, Defendant contends that as a result of Hall's "recent statement of [her] claim, it has become evident that [she] has no viable claim against [Defendant] because any cause of action she might pursue is time-barred under the applicable statute of limitations." Doc. 1 at 1. In particular, Defendant contends that Plaintiffs make a "general allegation ... that they both experienced injuries to the 'heart and cardiovascular system' as a result of taking Avandia, a prescription diabetes medication manufactured by [Defendant]"; that "[i]n July 2010, Plaintiffs agreed to produce information essential to their claims - including the nature of their alleged injuries - by completing a [PFS]"; that the PFS completed by Hall "only provided that she experienced a cardiovascular system injury,' without specifying the injury, date of injury, or diagnosing physician"; that to discover the actual injury suffered by Hall, Defendant sought to depose Hall in March 2011; that the State court granted Hall's Motion to Quash the notice of deposition; and that, in response to a Motion to Reconsider, filed by Defendant, on March 29, 2011, Hall filed an Opposition Brief, "in which she alleged for the first time that her 'cardiovascular injury' was heart failure, and stroke ('CVA')." Defendant states that it removed Plaintiffs' cause of action based on the information provided in the Opposition Brief. Doc. 1 at 2-3. Pursuant to 28 U.S.C. § 1446(b), Defendant argues that it removed this mater within thirty days after it first could ascertain that Plaintiffs' case was removable. Doc. 1 at 1-3. Defendant additionally contends that Delaware's two year statute of limitations is applicable to Hall's claim; that this statute ran from the date Hall was put

3

on notice of a potential tort claim against Defendant; that Hall's cause of action accrued, at the latest, in November 2007, when the New England Journal of Medicine published an article in which the authors claimed that Avandia was "associated with a significant increase in the risk of myocardial infarction and with an increase in the risk of death from cardiovascular causes"; that, also, in November 2007, the FDA required Defendant to implement boxed warnings in the Avandia label, concerning potential risk of heart attack and cardiovascular injury; that, by the time of the label change, there had been over 1,000 readily accessible articles and broadcasts regarding the potential cardiovascular risks of Avandia; and, therefore, Hall's cause of action was filed in excess of two years after the statute of limitations expired. Doc. 1 at 6-9.

In the Motion to Remand, Plaintiffs argue that Defendant's removal of this matter on April 14, 2011, is untimely, as it was filed well in excess of the absolute one -year time bar of 28 U.S.C. § 1446(b). Alternatively, to the extent Defendant states that it did not receive the information upon which it relied for removal until March 29, 2011, Plaintiffs argue that Defendant received this information on March 8, 2011, on which date Plaintiffs provided Defendant with Hall's PFS[1] and Hall's medical records; that in Plaintiffs' Memorandum in Opposition to Defendant's Motion for Reconsideration of the notice of deposition, Plaintiffs stated that the PFS and over 200 pages of medical and pharmacy records provided to Defendant on March 8, 2011, showed the date of Hall's "Avandia usage and the specific details of the injuries to her heart and cardiovascular system, including but not limited to stroke (CVA) and congestive heart failure"; that, therefore, the thirty-day removal clock, as provided by § 1446(b), commenced running on March 8, 2011; and that, therefore,

---

[1] Hall's PFS states the dates she was admitted to the hospital for "CHF" and "Stroke -CVA." Doc. 15-3.

removal on April 14, 2011, was untimely.

Additionally, Plaintiffs assert that the study to which Defendant refers in the New England Journal did not specifically refer to stroke and that Hall could not have reasonably learned of the connection between Avandia and her injuries until February 2010, when a report was issued by the United States Senate Finance Committee. Doc. at 15. Plaintiffs further argue that Defendant fraudulently concealed the dangers of Avandia for years after 2007; that the 2007 New England Journal article is not enough to charge Hall with notice of a potential claim against Defendant; that Defendant attacked this article on the same day it was published; that labels issued in 2007 did not mention stroke; and that the Senate report addresses attempts by Defendant to discredit the New England Journal article. Doc. 15 at 10-12. Plaintiffs have provided an affidavit from John S. Daniels, M.D., a board certified endocrinologist, attesting that the adverse effects of Avandia were not widely known until the Senate report was published in February 2010. Doc. 15-4. Citing Filla v. Norfolk Southern Railroad Co., 336 F.3d 806, 811 (8th Cir. 2003), Plaintiffs argue that Defendant has a heavy burden to establish that Hall does not have a colorable claim and Defendant has not met this burden.

In its Response to the Motion to Remand, Defendant states that it received "hundreds of pages of medical records" from Hall on March 8, 2011, and a "factually-deficient PFS"; that, in regard to the factually deficient PFS, Defendant asked Plaintiff to identify the specific injuries she claimed were caused by Avandia; that Hall did not respond to this request; that, because Hall did not respond, Defendant filed a motion to take her deposition; that, on March 25, 2011, the State court granted Hall's motion to quash the notice; that Defendant sought reconsideration of the granting of the motion to quash; and that it was in the Opposition Papers, filed in response to the motion to reconsider, that Defendant first learned of the precise injuries Hall suffered. Doc. 18 at 2-3. As such,

Defendant argues that it could not have known that Plaintiffs' cause of action was removable until March 29, 2011, and that, therefore, the thirty day time limitation for removal did not commence to run until that date. Defendant admits that in "two instances in the PFS where Hall mentioned the injuries that she now alleges, stroke and CHF, were in response to general questions about her medical history" but states that Hall "did not mention stroke or CHF in response to direct questions regarding her claimed injuries." Doc. 18 at 4. Defendant contends, therefore, that the April 14, 2011 removal of this matter was timely. Additionally, Defendant contends that Hall is "chargeable" with knowledge of the facts underlying her claim, at the latest, in November 2007, as discussed in the notice of removal; that Hall's claim is barred by the statute of limitations; and that she, therefore, has no colorable claim and her joinder can be ignored for diversity purposes.

In their Reply, Plaintiffs contend, to the extent Defendant suggests Plaintiffs have gone to great lengths to withhold facts, that Defendant waited until almost a year after this case was filed to serve discovery on Plaintiffs, and that within five days of Defendant's discovery requests, Plaintiffs served Defendant with over 200 pages of medical records which show that Hall suffered a stroke and heart failure after she took Avandia. Doc. 21 at 1. To the extent Defendant argues that it could not determine whether Hall's injuries were related to Avandia until March 29, 2011, Plaintiffs argue that Hall's medical records clearly show that she suffered a stroke and heart failure after she took Avandia. Doc. 21 at 1-3. Plaintiffs reiterate their position that the risk of stroke from Avandia was not discussed publicly until February 2010. In conclusion, Plaintiffs argue that Defendant has not met its burden to establish federal jurisdiction and that, therefore, this matter should be remanded to State court. Doc. 21 at 3.

**LEGAL FRAMEWORK and DISCUSSION**

28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions when a matter in controversy...is between (1) citizens of different states." The party seeking the federal forum, in this case Defendant, has the burden of pleading diversity of citizenship of the parties, Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997), and the burden of establishing diversity jurisdiction by a preponderance of the evidence. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992); Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990); Russell v. New Amsterdam Cas. Co., 325 F.2d 996, 997 (8th Cir. 1964). "[A]ll doubts about federal jurisdiction [are resolved] in favor of remand." Transit Cas. Co v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

The court in Iowa Pub. Serv. Co. v. Med. Bow Coal, Co., held in regard to diversity where there are multiple plaintiffs and/or defendants:

> [I]n a case where there are plural plaintiffs and plural defendants a federal court does not have diversity jurisdiction unless there is diversity between all plaintiffs and all defendants. ... [I]f the "nondiverse" plaintiff is not a real party in interest, and is purely a formal or nominal party, his or its presence in the case may be ignored in determining jurisdiction.

556 F.2d 400, 403-404 (8th Cir. 1977) (internal citations omitted).

28 U.S.C. § 1441 sets forth the grounds for removal from state court to federal court. Section 1441(a) provides, in pertinent part, that "any civil action brought in State court of which [federal district courts] have original jurisdiction, may be removed by the defendant" to federal district court. 28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such

initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper *from which it may first be ascertained that the case is one which is* or has become *removable*, *except that a case may not be removed* on the basis of jurisdiction conferred by section 1332 of this title *more than 1 year after commencement of the action*.

(emphasis added).

28 U.S.C. § 1447(c) provides, in pertinent part, that: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

The Eighth Circuit holds that fraudulent joinder of a non-diverse party does not prevent removal. Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983). See also BP Chemicals Ltd. v. Jiangsu Sopo Corp, 285 F.3d 677, 685 (8th Cir. 2002) (holding that a defendant's right of removal based on diversity of citizenship may not be defeated by fraudulently joining a non-diverse party). The Eighth Circuit further holds that "'[j]oinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law'" to support a claim against the defendant whose joinder would preclude removal. Id. (quoting Wiles v. Capitol Indem, Corp., 280 F.3d 868, 871 (8th Cir. 2002)). "Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent." Filla, 336 F.3d at 810. The Eighth Circuit articulated in Filla considerations relevant to determining whether joinder is fraudulent and held as follows:

Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d

400, 406 (8th Cir.1977) (emphasis added). However, if there is a "colorable" cause of action-that is, if the state law might impose liability on the resident defendant under the facts alleged-then there is no fraudulent joinder. See Foslip Pharmaceuticals, Inc. v. Metabolife Intern., Inc., 92 F.Supp.2d 891, 903 (N.D.Iowa 2000).

Id.

Upon "determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved ... [a] district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." Id. at 811 (citing Fields v. Pool Offshore, Inc., 182 F.3d 353, 357 (5th Cir.1999)).

Because Hall and Defendant are both residents of Delaware for purposes of federal jurisdiction, Hall's joinder in this matter precludes federal diversity jurisdiction. See 28 U.S.C. § 1332(a). Defendant must, therefore, establish, by a preponderance of the evidence, that Hall is fraudulently joined to withstand Plaintiffs' Motion to Remand. See BP Chemicals, 285 F.3d at 685; Sheehan, 967 F.2d at 1215.

First, as set forth above, § 1446(b) provides that under no circumstances may a case be removed later than one year after the matter was filed in State court. Plaintiffs filed their cause of action in State court on April 14, 2010. Thus, because Defendant's removal, on April 14, 2011, was one day in excess of the absolute one year limitation of § 1446(b), removal is untimely. The court finds, therefore, that Plaintiffs' Motion to Remand should be granted.

Second, even if the court were to consider Defendant's argument that it removed within thirty days of when it learned that this matter was removable, removal is untimely. Defendant contends that removal was timely because it did not know of the basis of Hall's claim until March 29, 2011, when Plaintiffs filed the Opposition to Defendant's Motion for Reconsideration. Plaintiffs contend that

Defendant was given Hall's PFS and medical and pharmaceutical records on March 8, 2011; that the

PFS set forth the information which Defendant claims it did not receive until March 29, 2011; that

Hall's medical records also contained this information; and that, therefore, Defendant's removal in

excess of thirty days from March 8, 2011, is untimely. Plaintiffs have provided the court with the

PFS, and it is evident on its face that the PFS advised Defendant of the information which Defendant

contends it did not have until March 29, 2011. In any case, the court must resolve ambiguous factual

allegations relevant to when Defendant had knowledge that this matter was removable in favor of

Plaintiffs. See Filla, 336 F.3d at 811. As such, the court finds that Defendant has not met its burden

to establish that it did not have knowledge that this matter was arguably removable until March 29,

2011. Under such circumstances, removal on April 14, 2011, was in excess of the thirty day

requirement of § 1446(b). The court finds, therefore, in the alternative, that removal was untimely

on that basis and that Plaintiffs' Motion to Remand should be granted.

Because removal was untimely the court need not address Defendant's argument that this

court has diversity jurisdiction because Hall's claim is time-barred and, therefore, she is fraudulently

joined. In any case, as discussed above, this court must resolve factual allegations relevant to a

determination of when Hall could have reasonably known that her injuries were caused by Avandia

in favor of Plaintiffs. Filla, 336 F.3d at 811. Based on Plaintiffs' factual allegations, including the

contents of the Senate Report described above and the allegations of Dr. Daniels's affidavit,

Defendant has not established that it is clear State law would find that the statute of limitations

commenced running, in regard to Hall's allegations, no later than November 2007. The court finds,

therefore, in the alternative, that Defendant has not met its burden to establish that Hall is fraudulently

joined, because her claim is time-barred, by a preponderance of the evidence. See Sheehan, 967 F.2d

at 1215.

In conclusion, the court finds that this matter should be remanded to the State court. Under such circumstances, the court finds that other pending motions are moot.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Leave to File Unredacted Response in Opposition to Plaintiff's Motion to Remand and Exhibit A of the Response in Opposition to Plaintiffs' Motion to Remand Under Seal is **GRANTED**; Doc. 19

**IT IS FURTHER ORDERED** that the Motion to Remand and Request for Expedited Consideration filed by Plaintiffs is **GRANTED,** in part, and **DENIED**, in part; Doc. 14

**IT IS FURTHER ORDERED** that, to the extent Plaintiffs' Motion to Remand and Request for Expedited Consideration seeks Remand to the Circuit Court for the City of St. Louis, the Motion is **GRANTED**; Doc. 14

**IT IS FURTHER ORDERED** that, to the extent Plaintiffs Motion for Remand and Request for Expedited Consideration, seeks expedited consideration, the Motion is **DENIED AS MOOT**; Doc. 14

**IT IS FURTHER ORDERED** that the Motion to Stay All Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation filed by Defendant is **DENIED AS MOOT**; Doc. 9

**IT IS FURTHER ORDERED** that the Motion for Hearing filed by Plaintiffs is **DENIED AS MOOT**; Doc 19

**IT IS FINALLY ORDERED** that  Plaintiffs' Motion to File a Surresponse to the Motion to Stay is **DENIED AS MOOT**; Doc. 24

**IT IS FURTHER ORDERED** that the Clerk of this court shall take all necessary

11

administrative action to remand this matter to the Circuit Court for the City of St. Louis, Missouri.


/S/ Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE


Dated this <u>17th</u> day of  May, 2011.